MARIN CIONCA, (State Bar No. 249185) —
marin@cioncaip.com
**CIONCA IP Law P.C.**
2030 Main St., Suite 1300
Irvine, CA 92614
TELEPHONE: 949-334-3036
FAX: 949-335-9106

*Attorney for Plaintiff Energent Corporation,*
*a California corporation*

CIONCA IP Law P.C. | 2030 Main St., Suite 1300 | Irvine, CA 92614 | (949)334-3036

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Energent Corporation, a California corporation<br><br>Plaintiff,<br><br>v.<br><br>NLine Energy, Inc., a Delaware corporation<br><br>Defendant. | Case No.: 8:26-cv-02636<br><br>**COMPLAINT FOR DECLARATORY JUDGEMENT, TRADE SECRET MISAPPROPRIATION, TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT AND CALIFORNIA COMMON LAW, BREACH OF CONTRACT, AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Energent Corporation ("Energent") (hereinafter "Plaintiff"), by its attorney, as and for its Complaint against Defendant, NLine Energy, Inc., ("NLine"), avers as follows:

## I. <u>THE PARTIES</u>

1. Energent is a California corporation having its principal place of business in Tustin, California, which is within the Central District of California. Energent is in the business of turbine power systems and has developed proprietary technology

CIONCA IP Law P.C. | 2030 Main St., Suite 1300 | Irvine, CA 92614 | (949)334-3036

for the same.

2. On information and belief, NLine was formed as a Delaware corporation, and is also registered in California with a principal place of business in Sacramento, California. Based on information and belief, NLine sells turbine power systems.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action because it arises under federal law, pursuant to 18 U.S.C. § 1836 (Defend Trade Secrets Act) and 15 U.S.C. § 1051 et seq. (Lanham Act). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution and arise from a common nucleus of operative facts as Plaintiff's federal claims. The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), 28 U.S.C. § 2201 (Declaratory Judgment Act) and 15 U.S.C. § 1116 (Injunctive relief).

4. This Court has personal jurisdiction over the defendant NLine because, on information and belief, NLine is registered in California, and has transacted business in this district and in the State of California.

5. Venue is proper in this district under 28 U.S.C. §1391(b) because, on information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this district and in the State of California. Venue is proper in this district under 28 U.S.C. §1391(c).

6. An actual case or controversy has arisen between the parties. NLine has failed to meet its royalty obligations under the licensing agreement with Energent and has terminated said licensing agreement while continuing to use Energent's proprietary technology and intellectual property, including Energent's trademark(s) and trade secrets, without authorization. These actions cause injury to Plaintiff.

## III. FACTUAL BACKGROUND

### A. PLAINTIFF IN GOOD FAITH LICENSES ITS INTELLECTUAL PROPERTY TO DEFENDANT.

7. Energent was formed at the start of the 21st century to create a new paradigm of energy production – exploiting the huge resource of lost energy to produce useful power and products for society. The Microsteam® Turbine Power System, for example, was invented and developed by Energent.

8. NLine expressed interest in Energent's technology and related intellectual property, and, on September 18, 2020, entered into an exclusive licensing agreement with Energent for an initial 20-year term (the "Licensing Agreement").

9. Via the Licensing Agreement, Energent licensed to NLine its intellectual property including patents, trademarks and know-how, including Energent's trade secrets ("Energent IP"). As an example of what was included in the licensed Energent IP, the Licensing Agreement provides in its Section 1.8 as follows:

> **1.8** **"Licensed Know-How"** means any and all technical information, trade secrets, formulas, prototypes, specifications, directions, instructions, test protocols, procedures, results, studies, analyses, raw material sources, data, manufacturing data, formulation of production technology, conceptions, ideas, innovations, discoveries, inventions, processes, methods, materials, machines, devices, formulae, equipment, enhancements, modifications, technological developments, techniques, systems, tools, designs, drawings, plans, software, documentation, data, programs and other knowledge, information, skills and materials controlled by ERG and Affiliates pertaining to the Licensed Products and any modifications, variations, derivative works, and improvements of or relating to any of the foregoing.

10. As another example of what was included in the licensed Energent IP, the Licensing Agreement provides as part of its Exhibit B the following:



CIONCA IP Law P.C. | 2030 Main St., Suite 1300 | Irvine, CA 92614 | (949)334-3036

**1) Description of Licensed Products and Specifications**

- ERG's Microsteam Turbine Power System ("MST") having a capacity of 275 kW, including patented rotor and nozzle designs, design specifications for all power system package equipment (i.e.- Gear Box, Generator, Electric and Control Panels), system design for equipment bundling of all necessary package components (P&ID, General Arrangement/Elevation, Mechanical, Electrical, and Controls design drawings), as well as all software programs required to safely operate the MST.

11. The licensed Energent IP included various domestic and foreign patents as well as two trademarks, MICROSTEAM® and NANOSTEAM. MICROSTEAM® is a registered mark of Plaintiff, for *"Turbines, other than for land vehicles," in international Class 007*, with a use in commerce claim of March 18, 2003. A true and correct copy of the registration certificate issued by the United States Patent and Trademark Office (USPTO) for the MICROSTEAM® mark is attached hereto as Exhibit A.

12. In a letter signed on March 19, 2021 by Energent and Nline, NLine acknowledges the receipt of Energent's trade secrets, and Energent's permission for NLine to hire Robert Iles, Energent's manager of manufacturing and field service personnel, who had the trade secrets and knowledge required to manufacture and service Microsteam turbine power systems. A true and correct copy of the March 19, 2021 letter is attached hereto as Exhibit B.

13. On information and belief, after licensing Energent IP in 2020, NLine has enjoyed great success in commercializing the licensed technology, including by attracting an 11 million investment in 2024, to expand the commercialization efforts of the licensed Energent IP. True and correct copies of exemplary press coverages or releases reporting the 11 million investment are attached hereto as Exhibits C - F. On information and belief, about 80% of NLine's business is based on the licensed Energent IP.



CIONCA IP Law P.C. | 2030 Main St., Suite 1300 | Irvine, CA 92614 | (949)334-3036

CIONCA IP Law P.C. | 2030 Main St., Suite 1300 | Irvine, CA 92614 | (949)334-3036

**B. DEFENDANT ARBITRARILY DECIDES NOT TO PAY ROYALTIES ANYMORE**

14. After substantially complying with the terms of the Licensing Agreement for about 3 (three) years, by submitting the required quarterly sales reports and paying the due royalties, sometimes in early 2024 NLine has unexpectedly stopped submitting quarterly sales reports to Energent. The last complete quarterly sales report Energent received from NLine was for Q1 2024. The last royalty payment received by Energent from NLine was on February 10, 2025.

15. After many requests, NLine sent a royalty payment report to Energent on or about March 27, 2025, based on which the royalties due by NLine, as of March 27, 2025, appeared to be in the amount of $105,000. This is the last time NLine sent any royalty payment report to Energent.

**C. PLAINTIFF IN GOOD FAITH ATTEMPTS TO NEGOTIATE A RESOLUTION**

16. Since at least July 2024 Energent has asked NLine for the quarterly sales reports. In response to Energent's insistence, in June 2025, for the quarterly sales reports to resume, NLine responded on or about July 3, 2025, by sending Energent a letter setting forth a plurality of breach allegations and a threat of termination of the Licensing Agreement. When Energent asked NLine for details and evidence supporting the allegations, none was provided.

17. Nonetheless, Energent's then-counsel engaged with NLine's counsel and attempted to find a resolution to the dispute, including by agreeing to some amendments proposed by NLine to the Licensing Agreement.

18. Sometimes in December 2025, Energent thought it had reached an

agreement with NLine, including regarding a forthcoming January 2026 past-due royalty payment to be made by NLine. That promised payment never arrived.

19. Further negotiations ensued. However, in response to Energent's insistence that the promised January 2026 payment be made, NLine responded by sending a termination letter on March 12, 2026. A true and correct copy of said termination letter is attached hereto as Exhibit G.

### D. DEFENDANT PRETENDS TO TERMINATE THE LICENCING AGREEMENT WITH PLAINTIFF BUT DOES NOT STOP USING PLAINTIFF'S INTELLECTUAL PROPERTY.

20. Soon after receiving the March 12, 2026 termination letter from NLine, Energent retained current counsel, Marin Cionca, to engage with NLine, via its counsel, to continue the effort of negotiating a resolution. New negotiations ensued, but they ultimately failed when it was apparent that (1) NLine was not interested in being transparent as to its prior sales, (2) NLine was simultaneously not interested in compensating Energent for more than a small fraction of past-due royalties, and (3), that NLine was interested only in prolonging the use of the Energent's IP in as much as possible in exchange for mere promises to pay Energent sometimes in the future.

21.Given NLine's March 12, 2026 termination letter, and the terms of the Licensing Agreement, including its Sectio 8.3, NLine no longer has a license from Energent to use the Energent IP, at least as of May 12, 2026. Yet, on information and belief, NLine continues to use Energent IP with complete disregard of Energent's rights. For example, via a July 28, 2026 email, Energent's counsel asked NLine counsel to confirm that (1) NLine has stopped using Energent's technology and IP and (2) the date it has done so. A true and correct copy of said

CIONCA IP Law P.C. | 2030 Main St., Suite 1300 | Irvine, CA 92614 | (949)334-3036

email is attached hereto as Exhibit H. No response was received to date. NLine's silence is not surprising, given NLine's long record of lack of transparency.

22. Examples of how NLine continues to use and advertise the Energent's IP, either directly or through its affiliates, are attached hereto as Exhibits I - N.

23.Plaintiff is justifiably concerned that Defendant continues to use its technology and intellectual property without a license and without compensating Plaintiff. Such unauthorized use also makes it difficult for Plaintiff to license its technology and associated intellectual property to other potential licensee(s). Plaintiff needs a legal determination of its rights. With potentially millions of dollars on the line, Plaintiff filed the present case.

24.Plaintiff seeks declaratory judgment that it has licensed to Defendant the Energent IP for which it is owed compensation, that Defendant is in breach of the Licensing Agreement, that continued used by Defendant of Energent IP constitutes infringement of Energent's intellectual property rights, and that Plaintiff has not violated any rights of Defendant and is not otherwise liable to Defendant.

25.Defendant's use of the Energent IP is **causing irreparable harm** to Plaintiff for which there is no adequate remedy at law. Plaintiff seeks to preliminary and permanently enjoin Defendant from using Energent IP, including its trade secrets and trademarks, or otherwise misrepresenting to others that Defendant owns the Energent IP.

26.Defendant's use of Plaintiff's know-how, diagrams, specifications, technical data and other forms of trade secrets, that were previously licensed by Defendant from Plaintiff via the Licensing Agreement, constitutes trade secret misapropriation, which causes damages to Plaintiff.

27.Defendant's use of the MICROSTEAM® mark, constitutes trademark infringement, unfair competition, false description and false designation of origin, which is likely to cause confusion, or to cause mistake, or to deceive the public.

CIONCA IP Law P.C. | 2030 Main St., Suite 1300 | Irvine, CA 92614 | (949)334-3036

28. During the course of its business, Plaintiff developed and maintained valuable proprietary and confidential information, including but not limited to: proprietary manufacturing processes, methods, and procedures; product development plans and technical information; and other confidential technical and commercial information.

29. The foregoing information is not generally known to the public or to Plaintiff's competitors and derives independent economic value from remaining secret.

30. Competitors could obtain substantial economic benefit through access to and use of Plaintiff's confidential information and trade secrets.

31. Plaintiff expended substantial time, effort, and expense developing, compiling, maintaining, and improving its trade secret information.

32. Plaintiff undertook reasonable measures to maintain the secrecy of its trade secrets, including confidentiality agreements, nondisclosure provisions, restricted access controls, password protection, employee policies, and other security measures.

33. Defendant had access to Plaintiff's trade-secret information by virtue of Defendant's relationship with Plaintiff.

34. Defendant knew or had reason to know that the information constituted confidential and proprietary information belonging to Plaintiff.

35. Without Plaintiff's authorization, Defendant retained, and used Plaintiff's trade-secret information for Defendant's own benefit and to the detriment of Plaintiff.

36. Upon information and belief, Defendant continues to possess, use, disclose, or benefit from Plaintiff's trade secrets.

37. As a direct result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages, including lost customers, lost revenue, diminution in

CIONCA IP Law P.C. | 2030 Main St., Suite 1300 | Irvine, CA 92614 | (949)334-3036

the value of its trade secrets, unjust enrichment to Defendant, and other economic harm.

## IV. CLAIMS FOR RELIEF

### FIRST CLAIM:
### DECLARATORY JUDGMENT

38. Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of the preceding paragraphs.

39. Plaintiff has heavily invested in developing its technology and associated intellectual property, including patents, trade secrets and trademarks and has developed significant reputation in the industry, as well as goodwill and source identification in the marks.

40. Defendant has refused to pay owed royalties to Plaintiff, and continues to use Plaintiff's technology and intellectual property without authorization from Plaintiff. These acts constitute actual injury to Plaintiff.

41. An actual, present and justiciable case or controversy has arisen between the parties as to the rights of Plaintiff (1) to be compensated for the use of its Energent IP by Defendant and (2) to license the same to others without interference from the unauthorized use by Defendant.

42. Plaintiff seeks declaratory judgment from this Court that:

a. Plaintiff has licensed to Defendant the Energent IP for which it is owed compensation and that Defendant is in breach of the Licensing Agreement.

b. Use by Defendant of Energent IP constitutes infringement of Energent's intellectual property rights, including trade secret and



CIONCA IP Law P.C. | 2030 Main St., Suite 1300 | Irvine, CA 92614 | (949)334-3036

CIONCA IP Law P.C. | 2030 Main St., Suite 1300 | Irvine, CA 92614 | (949)334-3036

trademark rights.

c. Defendant's use of MICROSTEAM® mark infringes Plaintiff's trademark, and results in unfair competition, false designation of origin, and false description under the Lanham Act, 15 U.S.C. § 1114 and 1125, and California Business and Professions Code § 17200 et seq.

d. Plaintiff have not violated any rights own by Defendant and is not otherwise liable to Defendant.

**SECOND CLAIM:**

**MISAPPROPRIATION OF TRADE SECRETS**
**(Defend Trade Secrets Act, 18 U.S.C. § 1836)**

43. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

44. The proprietary information described above constitutes trade secrets within the meaning of the Defend Trade Secrets Act, 18 U.S.C. § 1839(3), because the information derives independent economic value from not being generally known or readily ascertainable through proper means by others who could obtain economic value from its disclosure or use.

45. Plaintiff has taken reasonable measures to keep the trade secrets confidential and to limit access to authorized persons.

46. The trade secrets are related to products or services used in, or intended for use in, interstate commerce.

47. Defendant acquired Plaintiff's trade secrets by improper means and/or used or disclosed Plaintiff's trade secrets without Plaintiff's consent.

48. At the time of Defendant's acquisition, use, and/or disclosure of the trade secrets, Defendant knew or had reason to know that the information was

confidential and had been obtained through improper means.

49. Defendant's conduct constitutes misappropriation within the meaning of 18 U.S.C. § 1839(5).

50. As a direct and proximate result of Defendant's misappropriation, Plaintiff has suffered actual damages in an amount to be proven at trial.

51. Defendant has been unjustly enriched by its use and/or disclosure of Plaintiff's trade secrets.

52. Defendant's conduct has caused and threatens to continue causing immediate and irreparable harm to Plaintiff for which there is no adequate remedy at law.

53. Defendant's conduct was willful and malicious, entitling Plaintiff to exemplary damages and attorneys' fees as provided by 18 U.S.C. § 1836(b)(3).

## THIRD CLAIM:

## MISAPPROPRIATION OF TRADE SECRETS
## (California Uniform Trade Secrets Act, Cal. Civ. Code § 3426 et seq.)

54. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein. The proprietary information described above constitutes trade secrets within the meaning of California Civil Code section 3426.1 because it derives independent economic value from not being generally known to the public or to competitors and is the subject of reasonable efforts to maintain secrecy.

55. Defendant acquired Plaintiff's trade secrets through improper means and/or disclosed or used Plaintiff's trade secrets without authorization.

56. Defendant knew or had reason to know that the information was subject to confidentiality obligations and constituted trade secrets belonging to Plaintiff.

57. The proprietary information described herein constitutes trade secrets within

CIONCA IP Law P.C. | 2030 Main St., Suite 1300 | Irvine, CA 92614 | (949)334-3036

CIONCA IP Law P.C. | 2030 Main St., Suite 1300 | Irvine, CA 92614 | (949)334-3036

the meaning of California Civil Code section 3426.1 because it derives independent economic value from not being generally known to the public or to competitors and is the subject of reasonable efforts to maintain its secrecy.

58. Defendant's acts constitute misappropriation as defined by California Civil Code section 3426.1.

59. As a direct and proximate result of Defendant's misappropriation, Plaintiff has suffered damages in an amount to be established at trial.

60. Defendant has been unjustly enriched through the use and/or disclosure of Plaintiff's trade secrets.

61. Defendant's conduct was willful and malicious and therefore supports an award of exemplary damages and attorneys' fees pursuant to California Civil Code sections 3426.3 and 3426.4.

62. Unless enjoined, Defendant will continue to use and/or disclose Plaintiff's trade secrets, resulting in irreparable harm to Plaintiff.

63. Plaintiff developed and maintained valuable proprietary and confidential information, including product manufacturing information, technical specifications, proprietary business methods, and other confidential technical and commercial information.

64. The foregoing information is not generally known to the public or to Plaintiff's competitors and derives independent economic value from remaining secret.

65. Plaintiff expended substantial time, effort, and expense developing, compiling, maintaining, and improving its trade secret information.

66. Plaintiff undertook reasonable measures to maintain the secrecy of its trade secrets, including confidentiality agreements, nondisclosure provisions, restricted access controls, password protection, and other security measures.

67. Defendant had access to Plaintiff's trade secret information by virtue of

Defendant's relationship with Plaintiff.

68. Without Plaintiff's authorization, Defendant acquired, copied, retained, disclosed, transmitted, and/or used Plaintiff's trade secret information for Defendant's own benefit and to the detriment of Plaintiff.

69. Upon information and belief, Defendant continues to possess, use, disclose, and/or benefit from Plaintiff's trade secrets.

70. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages, including lost revenue, diminution in the value of its trade secrets, unjust enrichment to Defendant, and other economic harm.

## FOURTH CLAIM:
## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT, 15 U.S.C. § 1114

71. Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of the preceding paragraphs.

72. Plaintiff has used and heavily invested in its federally registered MICROSTEAM® mark in commerce in connection with all of its products and services, and have developed significant reputation, goodwill and source identification in the mark.

73. Defendant's use of the MICROSTEAM® mark constitutes infringement of Plaintiff's rights and is likely to cause confusion, mistake and deception of the public as to the identity and origin of Defendant's goods, causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

74. By reason of the foregoing acts, Defendant is liable to Plaintiff for trademark infringement under Lanham Act § 1114.



CIONCA IP Law P.C. | 2030 Main St., Suite 1300 | Irvine, CA 92614 | (949)334-3036

CIONCA IP Law P.C. | 2030 Main St., Suite 1300 | Irvine, CA 92614 | (949)334-3036

75.Defendant’s acts have been and continue to be deliberate, willful and wanton, with the intent to cause confusion, mistake and deception on the part of the public, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

76.Plaintiff have suffered substantial damages, as well as the continuing loss of the goodwill and reputation established in its marks. An award of monetary damages alone cannot fully compensate Plaintiff for their injuries and lack of an adequate remedy at law.

77.Defendant, through its actions, has been unjustly enriched and has damaged Plaintiff’ business and Marks.

78.If not enjoined, Defendant's conduct will continue to harm Plaintiff.

**FIFTH CLAIM:**

**UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)**

79.Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of the preceding paragraphs.

80.Plaintiff has used and has heavily invested in its federally registered MICROSTEAM® mark in commerce in connection with all of its products and services, and have developed significant reputation, goodwill and source identification in the mark.

81.Defendant has used in commerce words, terms, names, symbols or combinations thereof, or false or misleading description of fact, or false or misleading representations of fact in commercial advertising or promotion that misrepresents the nature, characteristics, qualities, or geographic origin of Defendant’s goods or services in violation of Section 43(a)(1)(B) of the Lanham

CIONCA IP Law P.C. | 2030 Main St., Suite 1300 | Irvine, CA 92614 | (949)334-3036

Act, as amended, 15 U.S.C. § 1125(a).

82.Defendant’s use of the term MICROSTEAM constitutes Unfair Competition and False Designation of Origin pursuant to 15 U.S.C. § 1125(a).

83.Defendant’s use of the term MICROSTEAM, is likely to cause confusion, mistake, and deception among consumers. Defendant’s unfair competition and false designation of origin have caused and will continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

84.The Defendant's acts of unfair competition and false designation of origin have been, and continue to be deliberate, willful, and wanton, with the intent to cause confusion, mistake and deception on the part of the public, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

85.Monetary damages will not afford adequate relief for all of Plaintiff’ injuries resulting from Defendant’s' conduct and, therefore, Plaintiff are entitled to injunctive relief under 15 U.S.C. § 1116.

86.Defendant, through its actions, has been unjustly enriched and has damaged Plaintiff’ business and marks.

87.If not enjoined, Defendant's conduct will continue to harm Plaintiff.

**SIXTH CLAIM:**

**VIOLATION OF CALIFORNIA COMMON LAW FOR TRADEMARK INFRINGEMENT.**

88.Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of the preceding paragraphs.

89.Defendant’s actions as stated above, constitute trademark infringement of Plaintiff’ trademark rights relating to its MICROSTEAM Mark in violation of

California common law.

90.The goods and services provided by Defendant under the Marks will confuse and deceive the public into thinking that the goods and services provided by Defendant are Plaintiff' goods and services, or that there is some connection or affiliation between the two.

91.Defendant's acts have injured and are likely to injure Plaintiff' reputation and relations in this judicial district and elsewhere in the state by causing dissatisfaction, a diminution of value in the goodwill associated with Plaintiff' Marks, and a loss of relationships within and among the relevant community and beyond.

92.Defendant's promotion of MICROSTEAM is a knowing, deliberate, intentional and willful attempt to trade on Plaintiff' reputation, to confuse or deceive the general public, and to interfere with Plaintiff' relationships with and among the relevant community and others within this judicial district and beyond.

93.Defendant's acts constitute false, misleading descriptions and representations, and unfair competition with Plaintiff, in violation of California common law trademark infringement.

94.Defendant's acts greatly and irreparably damage Plaintiff and will continue to do such damage unless restrained by this Court as Plaintiff are without adequate remedy at law. Accordingly, Plaintiff are entitled to, among other things, an order enjoining and refraining Defendant from using Plaintiff' Marks and confusingly similar marks, and further damage according to proof at trial.

95.As a direct and proximate result of Defendant's willful and intentional actions, Plaintiff have sustained and will continue to sustain substantial injury in an amount presently unknown, for which Plaintiff are entitled to monetary damages.

96.As further direct and proximate result of Defendant's actions, Plaintiff have been damaged and will continue to sustain damage and is entitled to compensation



CIONCA IP Law P.C. | 2030 Main St., Suite 1300 | Irvine, CA 92614 | (949)334-3036

CIONCA IP Law P.C. | 2030 Main St., Suite 1300 | Irvine, CA 92614 | (949)334-3036

arising from its lost opportunities, and efforts necessary to minimize and/or prevent public confusion, in an amount to be proven at the time of trial. In addition, Plaintiff are entitled to interest and to their attorneys' fees and costs incurred in bringing this action, in an amount to be proven at trial. Plaintiff is further entitled to injunctive relief requiring Defendant to cease use of its marks and confusingly similar variations thereto and to all other further forms of relief this Court deems appropriate.

97. Upon further information and belief, Defendant is engaged in the foregoing conduct with oppression, fraud and/or malice, and acted wantonly, willfully, and with reckless disregard of the rights of Plaintiff, thereby entitling Plaintiff to an award of exemplary damages in an amount to be determined at trial.

**SEVENTH CLAIM:**
**UNFAIR COMPETITION UNDER**
**CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 et seq.**

98. Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of the preceding paragraphs.

99. Defendant's actions discussed herein, including but not limited to Defendant's use of the term MICROSTEAM in commerce to advertise and market its goods and services without Plaintiff' consent, constitute trademark infringement, false advertising, and unfair competition in violation of the laws of the state of California.

100. At all times herein mentioned, Defendant had actual knowledge of the existence of Plaintiff' Marks and ownership of said Marks.

101. By these actions, Defendant has engaged in false advertising and unfair competition in violation of statutory law of the State of California, California

CIONCA IP Law P.C. | 2030 Main St., Suite 1300 | Irvine, CA 92614 | (949)334-3036

Business and Professions Code § 17200, as a direct and proximate result of which Plaintiff have suffered damages as detailed above.

102. Pursuant to California Business and Professions Code § 17203, Plaintiff are entitled to permanent injunctive relief ordering Defendant to cease this unfair competition, as well as disgorgement of all of Defendant's profits associated with this unfair competition.

**EIGHT CLAIM:**

**BREACH OF CONTRACT**

103. Plaintiff realleges and incorporates by reference as though specifically pleaded herein, the allegations of the preceding paragraphs.

104. Plaintiff and Defendant entered into the License Agreement pursuant to which Plaintiff granted Defendant certain rights to use Plaintiff's proprietary technology, intellectual property, confidential information, trade secrets, and related materials, subject to the terms and conditions of the License Agreement.

105. The License Agreement required Defendant to pay royalties to Plaintiff based upon Defendant's manufacture, sale, licensing, distribution, and/or other commercial exploitation of the licensed technology and intellectual property.

106. Plaintiff performed all duties, obligations, and conditions required of it under the License Agreement, or such performance was excused.

107. Plaintiff provided Defendant access to the licensed technology, proprietary information, trade secrets, and other rights granted under the License Agreement.

108. Defendant accepted and utilized the rights and benefits conferred under the License Agreement.

109. Defendant failed to provide royalty reports, accountings, or sales information required by the License Agreement.

110. Defendant concealed or failed to accurately report sales, revenues, licensing

transactions, and/or other royalty- bearing activities.

111. As a result of Defendant's failure to provide accurate accountings, the precise amount of royalties due cannot be determined without discovery and/or an accounting.

112. Plaintiff is entitled to an accounting of all sales, revenues, licensing activities, and other royalty-bearing transactions conducted by Defendant under the License Agreement.

113. Defendant materially breached the License Agreement by failing and refusing to pay royalties due and owing to Plaintiff as required by the express terms of the License Agreement.

114. Upon information and belief, Defendant continued to use, commercialize, market, sell, distribute, and/or otherwise benefit from the licensed technology and intellectual property while failing to make required royalty payments.

115. Plaintiff has demanded payment of the royalties owed by Defendant, but Defendant has failed and refused to cure its breach.

116. Defendant's failure to pay royalties constitutes a material breach of the License Agreement.

117. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages in an amount to be proven at trial, including but not limited to unpaid royalties, contract damages, interest, and other consequential damages permitted by law.

118. Plaintiff is informed and believes, and thereon alleges, that Defendant's breach is continuing and that additional royalties continue to accrue.

119. Plaintiff is entitled to recover all damages available under the License Agreement and applicable law.

120. To the extent permitted by the License Agreement, Plaintiff is entitled to recover its attorneys' fees, costs, and expenses incurred in enforcing its rights.

CIONCA IP Law P.C. | 2030 Main St., Suite 1300 | Irvine, CA 92614 | (949)334-3036

**NINETH CLAIM:**

**INJUNCTIVE RELIEF**

121. Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of the preceding paragraphs.

122. Defendant's continuous refusal, for several quarters, to disclose to Plaintiff its sales that are subject to royalties owed to Plaintiff according to the Licensing Agreement, and the Defendant's refusal to pay said royalties, are causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

123. Defendant's use of the Energent IP without authorization from Plaintiff is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

124. Plaintiff seeks injunctive relief from this Court that requires Defendant to disclose the overdue sales reports to date and pay to Plaintiff the corresponding royalties, according to the Licensing Agreement.

125. Plaintiff seeks injunctive relief from this Court that permanently enjoins Defendant from using the Energent IP or otherwise representing to the public that Defendant owns the Energent IP or that it has licensed the Energent IP.

WHEREFORE, Plaintiff respectfully requests:

a. Declaratory judgement (or an Order adjudging) that Plaintiff owns the Energent IP, that Defendant breached the Licensing Agreement, that it owes royalties for the sales made to date, and that it no longer has a licensing agreement with Plaintiff.

b. Declaratory judgement (or an Order adjudging) preliminary and permanently enjoining of Defendant and its agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through

CIONCA IP Law P.C. | 2030 Main St., Suite 1300 | Irvine, CA 92614 | (949)334-3036

CIONCA IP Law P.C. | 2030 Main St., Suite 1300 | Irvine, CA 92614 | (949)334-3036

or under authority from Defendant, and each of them, from using the Energent IP, including Plaintiff's trade secrets and trademarks.

c. Declaratory judgement (or an Order adjudging) preliminary and permanently enjoining of Defendant and its agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from Defendant, and each of them, from manufacturing, promoting, selling and servicing the Microsteam Turbine Power System and all other products previously licensed to Defendant by Plaintiff, via the Licensing Agreement.

d. Declaratory judgement that Plaintiff is free to license its Energent IP to others.

e. Declaratory judgement that Defendant does not have any rights to use the Energent IP.

f. An Order requiring Defendant to file with the Court and serve on Plaintiff within thirty (30) days after entry of the Injunction(s), a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the court's injunction(s).

g. An Order for damages in an amount to be proven at trial for trade secret misappropriation and trademark infringement.

h. An Order adjudging that, pursuant to 15 U.S.C. § 1117, Defendant be held liable for all damages suffered by Plaintiff resulting from the acts alleged herein.

i. An Order for damages in an amount to be proven at trial for each of unfair competition, false designation of origin and false description under 15 U.S.C. § 1125(a).

j. An Order adjudging that the Court declare this to be an exceptional case and award Plaintiff their full costs, disgorgement of Defendant's profits, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, and other exemplary

damages as permitted by law.

k. An Order adjudging that the Court grant Plaintiff any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law.

l. An Order for damages to be proven at trial for common law trademark infringement under California common law.

m. An Order for damages to be proven at trial for unfair competition under California Business and Professions Code § 17200 et seq., and an injunction prohibiting Defendant from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein.

n. An Order for damages in an amount to be proven at trial for unjust enrichment.

o. Pre-judgment and post-judgment interest.

p. For such and other further relief that the court deems just and proper.

DATED: September 15, 2026

Respectfully submitted,

*By: /s/MCionca*
Marin Cionca (Bar No. 249185)
**CIONCA IP LAW P.C.**
2030 Main St., Ste 1300
Irvine, CA 92614
Tel.: 949-334-3036
Fax: 949-335-9106

Attorney for Energent Corporation



CIONCA IP Law P.C. | 2030 Main St., Suite 1300 | Irvine, CA 92614 | (949)334-3036

CIONCA IP Law P.C. | 2030 Main St., Suite 1300 | Irvine, CA 92614 | (949)334-3036

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Energent Corporation hereby demands a trial by jury of all issues so triable.

DATED: September 15, 2026

Respectfully submitted,

*By: /s/MCionca*
Marin Cionca (Bar No. 249185)
**CIONCA IP LAW P.C.**
2030 Main St., Ste 1300
Irvine, CA 92614
Tel.: 949-334-3036
Fax: 949-335-9106

Attorney for Energent Corporation